**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

CONTINENTAL CASUALTY COMPANY, as subrogee of Alpen Haus Ski Center Inc.; and AMERICAN ECONOMY INSURANCE COMPANY, as subrogee of The Plaza at Aspen Village Owner's Association,

    Plaintiff,

v.

COOPER FIRE PROTECTION SERVICES, INC., a New Mexico corporation

    Defendant.

---

**COMPLAINT**

---

COMES NOW Plaintiff, Continental Casualty Company, as subrogee of Alpen Haus Ski Center, Inc., and American Economy Insurance Company, as subrogee of The Plaza at Aspen Village Condominium, by and through their attorneys of record, Dworkin, Chambers, Williams, York, Benson & Evans, P.C., for their Complaint, state and allege the following:

**I. PARTIES, JURISDICTION, & VENUE**

1.    Plaintiff Continental Casualty Company (hereinafter "Continental") is an Illinois corporation authorized to do business in the State of Colorado and was conducting business in Colorado relevant to the claims asserted in this lawsuit.

2.    At all relevant times to this Complaint, Alpen Ski Haus Ski Center, Inc.'s (hereinafter "Alpen Ski") principal place of business was located at 2800 Cornerstone Drive, Pagosa Springs, CO 81147 and was insurance through a policy of insurance with Continental.

3. Plaintiff American Economy Insurance Company (hereinafter "American Economy") is an Indiana corporation authorized to do business in the State of Colorado and was conducting business in Colorado relevant to the claims asserted in this lawsuit.

4. At all relevant times to this Complaint, The Plaza at Aspen Village Owner's Association's (hereinafter "Plaza at Aspen") principal place of business was located at 390 Boulder Drive, Suite 220, Pagosa Springs, CO 81147 and was insurance through a policy of insurance with American Economy.

5. Upon information and belief, Cooper Fire Protection Services, Inc. (hereinafter "Cooper Fire") is and was at all relevant times, a New Mexico corporation with its principal place of business located at 615 W Maple, Farmington, New Mexico 87401

6. This Court has subject matter jurisdiction as this is a diversity action filed under the provisions of 28 U.S.C. §1332 by reason of the diversity of the citizenship of the parties and the amount in controversy. The amount in controversy, without interests and costs, exceeds $75,000.00.

7. This Court has personal jurisdiction over Defendant pursuant to C.R.S. §13-1-124(1)(b).

8. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(2).

## II. GENERAL ALLEGATIONS

9. Plaintiffs repeat and incorporate by reference herein paragraphs 1 through 8.

10. The Plaza at Aspen consists of commercial condominium units comprised of retail stores and private businesses.

11. In about June 2009, Defendant installed the fire suppression system at the subject property. In or about June 2009, the fire suppression system including the expansion tank to the fire suppression system.

12. Upon information and belief Defendant designed the fire suppression system for the Plaza at Aspen.

13. Defendant sold the fire suppression system for the Plaza at Aspen.

14. In June 2014, Defendant performed maintance on the fire suppression system and replaced the expansion tank for the Plaza at Aspen in Pagosa Springs, Colorado.

15. On or about June 19, 2015, the fire suppression system and expansion tank failed causing an controlled discharged of water causing damage to Plaintiff's insured's units.

16. After investigation it was determined that the fire suppression system at the Plaza at Aspen failed due to the design of the fire suppression system including, but not limited to the incorporation and use of an improper expansion tank.

17. As a result of the fire suppression system's failure, the Plaza at Aspen and Alpen Ski suffered water damage to their respective units.

18. Continental as the insurance carrier for Alpen Ski was required and did pay insurance benefits to and on behalf of Alpen Ski as a result of this incident.

19. American Economy as the insurance carrier for the Plaza at Aspen was required and did pay insurance benefits to and on behalf of the Plaza at Aspen as a result of this incident.

**FIRST CLAIM FOR RELIEF**
**(Strict Liability for Defective Products)**

20. Plaintiffs repeat and incorporate by reference herein paragraphs 1 through 19.

3

21. Defendant is a merchant engaged in the design, manufacture, distribution, marketing, and sale of goods, and subject to liability pursuant to the Colorado Product Liability Act, § 13-21-401 et. seq.

22. The fire suppression system is a product within the meaning of the Act, and was manufactured, sold and distributed by Defendant.

23. Under the Act, Defendant owed a duty to the Plaza at Aspen and Alpen Ski to design and manufacture a product, the fire suppression system that conformed to its implied warranties, and was reasonably safe for use as intended.

24. Because Defendant failed to design, manufacture, distribute, and/or sell an appropriate, sufficiently safe product, which conformed to all implied warranties, the fire suppression system malfunctioned and failed, causing damage to the Plaza at Aspen's and Alpen Ski's property

**SECOND CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Merchantability)**

25. Plaintiffs repeat and incorporate by reference herein paragraphs 1 through 24.

26. Defendant designed and sold the fire suppression system in question.

27. The Plaza at Aspen and Alpen Ski were those who was reasonably expected to use or be protected by the fire suppression system.

28. Defendant was a merchant with respect to the fire suppression system.

29. The fire suppression system was not of merchantable quality at the time of sale.

30. Within a reasonable time after the Plaza at Aspen, Alpen Ski, Continental and/or American Economy discovered or should have discovered the alleged breach of warranty, they notified the Defendant of said breach.

### THIRD CLAIM FOR RELIEF
**(Breach of Implied Warranty of Fitness for a Particular Purpose)**

31  Plaintiffs repeat and incorporate by reference herein paragraphs 1 through 30.

32. Defendant designed, assembled, installed and sold the fire suppression system.

33. Defendant impliedly warranted the fire suppression system to be suitable and/or fit for the particular purpose of being installed in Pagosa Springs, Colorado.

34. The Plaza at Aspen and Alpen Ski are those who is reasonably expected to use or be protected by the fire suppression system.

35. The fire suppression system was not suitable and/or fit for the particular purpose for which it was warranted.

36. This breach of warranty caused the failure of the fire suppression system at the Plaza at Aspen.

37. Within a reasonable time after the Plaza at Aspen, Alpen Ski, Continental and/or American Economy discovered or should have discovered the alleged breach of warranty, they notified the Defendant of said breach.

### FOURTH CLAIM FOR RELIEF
**(Negligence)**

38. Plaintiffs repeat and incorporate by reference herein paragraphs 1 through 37.

39. Defendant had a duty to use reasonable care to select, design, manufacture, distribute, place into the stream of commerce, install, and maintain a reasonably safe fire suppression system that would not fail when used for its intended purposes.

40. Defendant breached these duties when the fire suppression system did in fact fail.

41. Defendant's breach of duties was the direct and proximate cause of damages to the Plaza at Aspen and Alpen Ski.

42. As a direct and proximate result of Defendant's negligence, the property of Plaza at Aspen was damaged and Plaintiffs incurred damages in the nature of insurance benefits it paid to or on behalf of the Plaza at Aspen and Alpen Ski.

## FIFTH CLAIM FOR RELIEF
**(Breach of Contract)**

44. Plaintiffs repeat and incorporate by reference herein paragraphs 1 through 43.

45. Defendant entered into an agreement with the Plaza at Aspen for the design, selection, installation and maintenance of a fire suppression system at the Plaza at Aspen.

46. Defendant breached its agreement with the Plaza at Aspen by negligently designing, selecting, installing, and maintain the fire suppression system at the Plaza at Aspen.

47. As a result of the breach by Defendant, the fire suppression system at the Plaza at Aspen failed.

48. As a direct and proximate result of Defendant's negligence, the property of Plaza at Aspen was damaged and Plaintiffs incurred damages in the nature of insurance benefits it paid to or on behalf of the Plaza at Aspen and Alpen Ski.

## SIXTH CLAIM FOR RELIEF
**(Equitable Subrogation)**

50. Plaintiffs repeat and incorporate by reference herein paragraphs 1 through 49.

51. At all times relevant hereto, Plaintiffs provided insurance coverage for their respective insureds.

52. American Economy paid monies to or on behalf of the insured, Plaza at Aspen, for damages incurred due to the negligence of Defendant.

53. Continental paid monies to or on behalf of the insured, Alpen Ski, for damages incurred due to the negligence of Defendant.

53. Under the doctrine of equitable subrogation, when an insurer has paid its insured for a loss caused by a third party, it may seek recovery from the third party. *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.,* 90 P.3d 814, 833 (Colo. 2004).

54. Plaintiffs have a right to recover the value of the amount of damages paid to or on behalf of their respective insureds.

WHEREFORE, Plaintiffs, Continental Casualty Company, as subrogee of Alpen Haus Ski Center, Inc., and American Economy Insurance Company, as subrogee of The Plaza at Aspen Village Condominium, pray for judgment against Defendant in an amount to be determined at trial, for compound interest as provided by law, for costs, expert witness fees, attorney's fees and for such other and further relief as this Honorable Court may deem just and proper in the circumstances.

DATED this 23rd day of May, 2017.

        Respectfully submitted,

        DWORKIN, CHAMBERS, WILLIAMS,
        YORK, BENSON & EVANS, P.C.
        Duly signed copy on file at the law offices of
        DWORKIN, CHAMBERS, WILLIAMS, YORK, BENSON & EVANS, P.C.

        s/ Geri O'Brien Williams
        Geri O'Brien Williams, Atty. No. 22984
        Dworkin, Chambers, Williams,
        York, Benson & Evans, P.C.
        3900 E. Mexico Ave., Suite 1300
        Denver, CO 80210
        Telephone:   (303) 584-0990
        Facsimile:    (303) 584-0995
        Email:        gwilliams@dnvrlaw.com
        Attorneys for Plaintiff

Plaintiff's Addresses:

Continental Casualty Company
333 S. Wabash Ave.
Chicago, IL 60604

American Economy Insurance Company
350 E 96th Street
Indianapolis, IN 02116